# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ESPINOSA, | CASE NO. 1:09-cv-00760-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER 42 U.S.C. § 1983 |
| v. | |
| ADDAMS, et al., | (Doc. 24) |
| Defendants. | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

**Order Following Screening of First Amended Complaint**

**I.      Background**

Plaintiff Frank Espinosa ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 29, 2009, Plaintiff filed the complaint that initiated this action. On September 28, 2009, the Court dismissed Plaintiff's complaint with leave to amend. On December 8, 2009, Plaintiff filed his first amended complaint. (Doc. 24.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.* at 1949.

**II.     Summary of First Amended Complaint**

Plaintiff is incarcerated at California State Prison, Corcoran ("CSP-Cor"), where the events giving rise to this action occurred.  Plaintiff names as Defendants: property correctional officers Philips, Burch, and Magana, ground floor correctional officers Zuniga, Warden Darrel Adams, and the Director of the CDCR.

Plaintiff alleges the following.  Plaintiff's family purchased a Wicca book in the first quarter of 2008 for Plaintiff.  Defendant officers Philips, Burch, and Managa would not permit Plaintiff access to the book.  Plaintiff was told by Defendant Zuniga that he had been denied access because the book contained partial nudity in violation of title 15, section 3006 of the California Code of Regulations.  Plaintiff contends that Defendants Director and warden Adams implemented this policy.

Plaintiff alleges a violation of his First Amendment rights.  Plaintiff requests as relief compensation for the destroyed book, punitive damages, modification of section 3006, and to receive pornography, gun magazines, and pot magazines.

2

## III. Discussion

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff fails to allege how Defendant Zuniga personally participated in the deprivation of his rights, and accordingly, Plaintiff fails to state a cognizable claim against Defendant Zuniga.

Plaintiff contends a violation of the First Amendment. However, Plaintiff fails to specify on what grounds he brings a First Amendment claim. In its previous order, the Court instructed Plaintiff on the requirements for filing a freedom of religion claim or a free speech claim. Because Plaintiff has failed to specify, the Court will analyze Plaintiff's claims under both claims.

### A. Freedom of Religion

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S. Ct. 2400 (1987). Beliefs which are both sincerely held and rooted in religious belief trigger the protection of the Free Exercise Clause. *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008) (quotations and citations omitted) (disavowing objective centrality test and confirming applicability of sincerity test).

However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" *O'Lone*, 482 U.S. at 348 (quoting *Price v. Johnson*, 334 U.S. 266, 285, 68 S. Ct. 1049, 1060 (1948)). "To ensure that courts afford appropriate deference to prison officials, . . . prison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone,* 382 U.S. at 349. Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate

1  penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254 (1987).  First, "there
2  must be a valid, rational connection between the prison regulation and the legitimate government
3  interest put forward to justify it," and "the governmental objective must itself be a legitimate and
4  neutral one." *Id.*  A second consideration is "whether there are alternative means of exercising
5  the right that remain open to prison inmates." *Id.* at 90 (internal quotations and citation omitted).
6  A third consideration is "the impact accommodation of the asserted right will have on guards and
7  other inmates, and on the allocation of prison resources generally." *Id.*  "Finally, the absence of
8  ready alternatives is evidence of the reasonableness of a prison regulation." *Id.*

9  Plaintiff alleges no facts that support a cognizable freedom of religion claim.  Plaintiff
10 fails to allege any facts that indicate the prison regulation's rules regarding contraband violate his
11 First Amendment rights.  Plaintiff fails to dispute the validity of the contraband regulation as it
12 pertains to the denial of the Wiccan book for nudity.  Enforcing a ban on frontal nudity, for
13 example, does not violate the First Amendment insofar as it seeks to maintain security, reduce
14 harassment of correctional officers, and rehabilitate inmates.  *Bahrampour v. Lampert*, 356 F.3d
15 969, 975-76 (9th Cir. 2006); *Mauro v. Arpaio*, 188 F.3d 1054, 1060 (9th Cir. 1999) (en banc).

16 Plaintiff does not allege that he is a member of the Wiccan religion.  Assuming Plaintiff
17 is a member, Plaintiff does not allege how the deprivation of this particular Wiccan book
18 impedes Plaintiff's ability to freely exercise his religion.  Accordingly, Plaintiff fails to state a
19 cognizable freedom of religion claim.

20      **B.**     **Free Speech - Publications**

21 The standard for governing free speech in publications is governed by the *Turner* factors
22 above.  Because Plaintiff fails to allege a cognizable freedom of religion claim, Plaintiff fails to
23 allege a cognizable free speech claim regarding the denial of the Wiccan book.

24 **III**     **Conclusion and Order**

25 Plaintiff fails to state any cognizable § 1983 claims against any Defendants.  The Court
26 previously provided Plaintiff with the applicable legal standards to this action, and granted him
27 leave to amend.  Plaintiff failed to cure the deficiencies identified herein.  Further leave to amend
28 will not be granted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY ORDERED that this action is DISMISSED for failure to state any claims upon which relief may be granted under 42 U.S.C. § 1983.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:    **April 8, 2010**              /s/ **Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE